United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20491
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELECIO MALDONADO-CANALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-692-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Melecio Maldonado-Canales appeals from his guilty-plea conviction for illegal reentry into the United States following conviction of an aggravated felony and deportation. Maldonado-Canales argues for the first time on appeal that 8 U.S.C. § 1326(b)(1) is unconstitutional because it permitted the sentencing judge to find, under a preponderance of the evidence standard, a fact which increased the statutory maximum sentence to which he otherwise would have been exposed. He thus contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his sentence is invalid and argues that it should not exceed
the two-year maximum term of imprisonment prescribed in 8 U.S.C.
§ 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235
(1998), the Supreme Court held that the enhanced penalties in
8 U.S.C. § 1326(b) are sentencing provisions, not elements of
separate offenses.  The Court further held that the sentencing
provisions do not violate the Due Process Clause.  Id. at 239-47.
Maldonado-Canales acknowledges that his argument is foreclosed by
Almendarez-Torres, but asserts that the decision has been cast
into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).
He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi,
530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984
(5th Cir. 2000).  This court must follow Almendarez-Torres
"unless and until the Supreme Court itself determines to overrule
it."  Dabeit, 231 F.3d at 984 (internal quotation marks and
citation omitted).  Accordingly, Maldonado-Canales's first
argument is foreclosed.

Maldonado-Canales also contends that the district court
erred by concluding that his prior convictions for delivery of
cocaine were not related for purposes of U.S.S.G. § 4A1.2(a)(2).
The district court correctly held that his prior crimes were not
part of a "single common scheme or plan."  U.S.S.G. § 4A1.2,
comment. (n.3); see also United States v. Ford, 996 F.2d 83, 86

(5th Cir. 1993). Furthermore, although Maldonado-Canales asserts that his prior crimes were related for purposes of U.S.S.G. § 4A1.2(a)(2) because they were functionally consolidated, he has failed to make a sufficient showing to overcome the deference afforded to the district court's ruling on that matter. See Buford v. United States, 532 U.S. 59, 64 (2001).

For his final argument, Maldonado-Canales asserts that the special written condition of supervised release that Maldonado-Canales not possess a "dangerous weapon" must be stricken from the judgment of conviction because that condition was not orally pronounced at sentencing. His argument is foreclosed by this court's opinion in United States v. Torres-Aguilar, __ F.3d __ (5th Cir. Dec. 3, 2003, No. 03-40055), 2003 WL 22853762, at *3-4, which was issued after Maldonado-Canales submitted the instant appeal brief.

Accordingly, the district court's judgment is AFFIRMED.