United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40588
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS GONZALES-GARCIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1402-ALL
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Gonzales-Garcia (Gonzales) appeals his guilty-plea conviction for illegal reentry into the United States following an aggravated felony conviction in violation of 8 U.S.C. § 1326. For the first time on appeal, Gonzales argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Gonzales acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeks to preserve the issue for Supreme Court review.  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Gonzales also challenges a condition of supervised release set forth in the written judgment that prohibits him from possessing "any other dangerous weapon."  Gonzales argues that this provision must be deleted from the written judgment because the district court did not mention the condition when it orally pronounced sentence.  We find no error in the written judgment. This issue now is also foreclosed.  <u>See</u> <u>United States v. Torres-Aquilar</u>, 352 F.3d 934, 935-37 (5th Cir. 2003).

AFFIRMED.