United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2003

Charles R. Fulbruge III
Clerk

REVISED JANUARY 16, 2004
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40055

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

AUGSTIN TORRES-AGUILAR

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Defendant Augstin Torres-Aguilar pleaded guilty to illegally reentering the United States after previously having been deported, see 8 U.S.C. § 1326(a) (2000), and was sentenced to 250 days imprisonment, time served, and one year of supervised release. Torres-Aguilar appeals the district court's judgment, arguing that it improperly included a special condition of supervised release not mentioned in the oral pronouncement of sentence. For the following reasons, we AFFIRM.

**I. BACKGROUND**

1

During Torres-Aguilar's sentencing hearing, the district court stated: "I'll sentence you to 250 days.  You'll be finished here today or so, and try not to come back.  I'll place you on one year of supervised release.  If you come back during that time, you'll get more time in this case."  Other than warning Torres-Aguilar not to attempt illegally to reenter the United States, the district court did not allude to any conditions applicable to the term of supervised release.  In its judgment, however, the district court instructed, "[t]he defendant shall not possess a firearm, destructive device, or any other dangerous weapon" during his supervised release.  On appeal, Torres-Aguilar argues that the condition that he not possess "any dangerous weapon" during his supervised release must be stricken from the judgment because it conflicts with the terms of the sentence orally imposed by the district court.[1]

## II. DISCUSSION

Because Torres-Aguilar "had no opportunity to object to or comment on the special condition[] . . . imposed in the written order," on appeal we "review the district court's imposition of [the] special condition[] for an abuse of discretion."  United

---

[1]    Torres-Aguilar does not also argue that the judgment's prohibition on his possessing either a firearm or a destructive device conflicts with the oral sentence; instead, because federal law prohibits convicted felons from possessing both types of devices, he concedes that these are mandatory conditions of a felon's sentence that need not be orally pronounced.  See United States v. Asuncion-Pimental, 290 F.3d 91, 94 (2d Cir. 2002).

2

States v. Warden, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

In this circuit, "we have long held that a defendant has a constitutional right to be present at sentencing." United States v. Vega, 332 F.3d 849, 852 (5th Cir. 2003). Our precedents deduce two important corollaries from this rule. First, "when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). If the differences between the two sentences create merely an ambiguity, however, then "we must look to the intent of the sentencing court, as evidenced in the record" to determine the defendant's sentence. Warden, 291 F.3d at 365.

In this case, we are presented with the task of drawing a line between those omissions creating a "conflict" between an oral pronouncement and the accompanying judgment and those omissions that create a mere "ambiguity" in the oral sentence that can be clarified by viewing the written record. In the past, we have emphasized the importance of whether the condition omitted from the oral pronouncement was a standard or a special condition of supervised release. See Martinez, 250 F.3d at 942. Our acceptance of a district court's omission of "standard" conditions from the oral pronouncement derives from the observation that it is "[i]mplicit in the very nature of supervised release . . . that certain conditions are necessary to

effectuate its purpose." United States v. Truscello, 168 F.3d 61, 62 (2d Cir. 1999). Accordingly, we have stated that "'explicit reference to each and every standard condition of supervision is not essential to the defendant's right to be present at sentencing.'" Vega, 332 F.3d at 853 n.8 (quoting Truscello, 168 F.3d at 63). The district court may instead properly rely on the judgment to clarify that these standard conditions are indeed applicable to the case at hand. Cf. Warden, 291 F.3d at 365 (explaining that conditions appearing in the judgment can be used to clarify the meaning of the district court's statements at the sentencing hearing). On the other hand, however, we have held that "if the district court fails to mention a special condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." Vega, 332 F.3d at 852-53 (emphasis added).

Torres-Aguilar argues that the portion of the judgment prohibiting him from possessing "any other dangerous weapon" during the supervised release is a "special" condition that must be pronounced at oral sentencing. He points out that this condition is included in the list of "'special' conditions of supervised release" that appears in the United States Sentencing Guidelines. U.S.S.G. § 5D1.3(d)(1). Torres-Aguilar also contends that a district court may choose not to prohibit a felon from possessing dangerous weapons during his term of supervised

4

release because the Sentencing Guidelines merely recommend imposing this condition on a defendant who has been convicted of a felony. Id. Therefore, he argues that the dangerous weapon prohibition is a discretionary condition, not one of the "standard" conditions that a district court may choose not to mention during a sentencing hearing.[2]

The government disagrees and argues that the prohibition on a felon's possession of a dangerous weapon is a "standard" condition of supervised release, which the district court was not required to mention during the sentencing hearing. First, the government notes that within the United States District Court for the Southern District of Texas, the bar on possessing a dangerous weapon has been made a "standard" condition of supervised release by a general order of the court. Second, although U.S.S.G. § 5D1.3(d) refers to the dangerous weapons bar as one of a list of "special" conditions, the government notes that the Second Circuit has held that § 5D1.3(d)'s conditions are nevertheless "standard" because they are regularly applied by district courts when a defendant meets the specific qualifying factors listed in the Sentencing Guidelines. See United States v. Jacques, 321

_____

[2] We do not address Torres-Aguilar's alternative claim--that the "dangerous weapon" prohibition is unreasonable and overly broad--because he has abandoned this argument by only briefly mentioning it in a single footnote of his opening brief, without providing any legal citations or analysis. See United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992) (noting that the failure to provide legal or factual analysis constitutes waiver of an issue).

5

F.3d 255, 263-64 (2d Cir. 2003) (discussing cases).

In United States v. Asuncion-Pimental, the Second Circuit recognized that the Sentencing Guidelines' identification of the conditions enumerated in § 5D1.3(d) as "special" does not foreclose the possibility that a district court may properly include them in its judgment without orally informing the defendant of the conditions at the sentencing hearing. See 290 F.3d at 94 ("The fact that the condition . . . is labeled 'special' by the Guidelines is irrelevant . . . ."). This label is not meant to suggest that the conditions in § 5D1.3(d) are so unusual that a defendant might not expect them to be imposed; rather, the label merely emphasizes that defendants convicted of certain crimes should be subject to these conditions as a matter of course while other defendants will only be subject to these conditions if the district court believes they are "appropriate" in a specific case. See U.S.S.G. § 5D1.3(d) ("The following 'special' conditions of supervised release are recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases.") (emphasis added). As the Second Circuit explained in Asuncion-Pimental,

> While the "standard" conditions provided in § 5D1.3(c) are presumed suitable in all cases, the suitability of the conditions provided in § 5D1.3(d) may be contingent on the presence of specific factors in each case. Where these factors are present, however, these "special" conditions are no different in practical terms from "standard" conditions, that is, they are generally recommended.

6

290 F.3d at 94.

Specifically, § 5D1.3(d)(1) of the Sentencing Guidelines makes the following recommendation to federal district courts:

> If the instant conviction is for a felony, or if the defendant was previously convicted of a felony or used a firearm or other dangerous weapon in the course of the instant offense--[impose] a condition prohibiting the defendant from possessing a firearm or other dangerous weapon.

Neither side disputes that Torres-Aguilar pleaded guilty to the felony of illegally reentering the United States after previously being deported. Therefore, "[i]n these circumstances, the 'special' condition recommended in § 5D1.3(d)(1) is as standard as those conditions in § 5D1.3(c)," which the Sentencing Guidelines specifically refer to as the "standard" conditions of supervised release. Asuncion-Pimental, 290 F.3d at 95.

Torres-Aguilar attempts to distinguish Asuncion-Pimental from the instant case, noting that the Second Circuit's holding involved a condition in the judgment barring a felon from possessing a "firearm," not a "dangerous weapon." Without question, the Second Circuit found support for its conclusion that the firearm prohibition, found in § 5D1.3(d)(1), was a standard condition of a felon's supervised release because "the specific condition that Defendant not possess a firearm is largely only a clarification of the more general mandatory condition that he not break the law." Id. at 94. Despite Asuncion-Pimental's reference to the illegality of a felon's

7

possessing a firearm, later cases have clarified that this was not the dispositive factor in the case. Instead, the Second Circuit has extended its holding to encompass all of the conditions of supervised release recommended in § 5D1.3(d), as long as the defendant meets the specific prerequisites enumerated by the Sentencing Guidelines. See, e.g., United States v. Thomas, 299 F.3d 150, 154 (2d Cir. 2002) (holding that the "failure to articulate . . . orally" that conditions § 5D1.3(d)(2) and (3) apply to a defendant's sentence of supervised release does not create a conflict with the judgment imposing these conditions); cf. id. at 154-55 (holding that a condition in the judgment, which does not appear in the Sentencing Guidelines and is "not necessary to clarify or carry out any of § 5D1.3's mandatory or standard conditions," must be mentioned in the oral pronouncement of sentence if it prohibits the defendant from engaging in non-criminal behavior).

We are persuaded by the logic of the Second Circuit's rule. If the district court orally imposes a sentence of supervised release without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement. Instead, "'[t]he written judgment simply clarifie[s] the meaning of that sentence by specifying what the supervision [is meant] to entail.'" Warden, 291 F.3d at 365 (quoting Truscello, 168 F.3d

8

at 63); see also Jacques, 321 F.3d at 265 ("Because these conditions were ordered in accordance with the Guidelines' recommendations, . . . their inclusion in the written judgment presents no conflict with the oral sentence and is permissible."). Therefore, because the Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any "dangerous weapon" during the term of supervised release, we find that this condition of Torres-Aguilar's sentence was standard and did not conflict with the district court's oral pronouncement of sentence.[3]

### III. CONCLUSION

Accordingly, the defendant's judgment is AFFIRMED.

---

[3] Our conclusion is reinforced by this court's recent observation, in Vega, that the "Mandatory and Standard Conditions of Supervision" set forth in judgment form AO 245B have been formally adopted as the standard conditions of supervised release in the Southern District of Texas. 322 F.3d at 853 (referring to General Order No. H-1996-10). Importantly, the district court used form AO 245B in the instant case, and the prohibition against Torres-Aguilar's possession of a "dangerous weapon" is one of the conditions appearing on the form.