United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41613
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN GONZALEZ-ALANIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-863-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Benjamin Gonzalez-Alanis ("Gonzalez") appeals the sentence imposed following his conviction for illegal reentry into the United States after commission of an aggravated felony.  He argues that 8 U.S.C. § 1326(b)(2), which was used to enhance his sentence based on his prior aggravated felony conviction, is unconstitutional.

Gonzalez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

Gonzalez further argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon while the court did not mention this prohibition at the sentencing hearing. His argument is foreclosed by this court's decision in <u>United States v. Torres-Aguilar</u>, 352 F.3d 934, 937-38 (5th Cir. 2003). The judgment of the district court is AFFIRMED.