**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40447
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

SANTIAGO YANEZ-BRILLANO,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1183-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Santiago Yanez-Brillano appeals his guilty plea conviction

and sentence for illegal reentry following deportation in

violation of 8 U.S.C. § 1326.

    Yanez argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000).  Yanez concedes that

his argument is foreclosed by Almendarez-Torres v. United States,

523 U.S. 224, 235, 239-47 (1998).  Apprendi did not overrule

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Yanez also argues that the supervised release condition barring his possession of "any other dangerous weapon" must be stricken from the written judgment because it conflicts with the sentence as orally pronounced by the district court.  The Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any dangerous weapon during the term of supervised release.  U.S.S.G. § 5D1.3(d)(1).  "If the district court orally imposes a sentence without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement."  United States v. Torres-Aquilar, 352 F.3d 934, 938 (5th Cir. 2003).

Therefore, the judgment of the district court is AFFIRMED.