United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40667
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ARTURO SOTO-FUERTE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-54-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Arturo Soto-Fuerte pleaded guilty to a charge of being
present illegally in the United States subsequent to deportation
and a conviction for an aggravated felony, a violation of
8 U.S.C. § 1326. The district court sentenced him to seventy
months of imprisonment and three years of supervised release.

    Soto-Fuerte contends that the sentencing provisions of
8 U.S.C. § 1326(b) are unconstitutional. He acknowledges that
his argument is foreclosed by Almendarez-Torres v. United States,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

523 U.S. 224, 235 (1998), but he asserts that <u>Almendarez-Torres</u> has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).  He seeks to preserve his argument for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  We must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

In addition, Soto-Fuerte argues that the written judgment of conviction must be reformed to delete a condition of supervised release that prohibits his possession of a dangerous weapon.  He asserts that this condition is a special condition of supervised release that conflicts with the district court's oral pronouncement of his sentence.

Soto-Fuerte's argument is foreclosed by our decision in <u>United States v. Torres-Aguilar</u>, 352 F.3d 934, 938 (5th Cir. 2003).  Accordingly, the judgment of the district court is AFFIRMED.