United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40817
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MERAZ-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-167-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Meraz-Sanchez appeals from his guilty-plea conviction for being found in the United States following a previous deportation. Meraz-Sanchez argues for the first time on appeal that 8 U.S.C. § 1326(b)(1) is unconstitutional because it permitted the sentencing judge to find, under a preponderance of the evidence standard, a fact that increased the statutory maximum sentence to which he otherwise would have been exposed. He thus contends that his sentence is invalid and argues that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Meraz-Sanchez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, Meraz-Sanchez's first argument is foreclosed.

Meraz-Sanchez also asserts that the special written condition of supervised release prohibiting him from possessing a "dangerous weapon" must be stricken from the judgment of conviction because that condition was not orally pronounced at sentencing. His argument is foreclosed by this court's opinion in United States v. Torres-Aguilar, 352 F.3d 934, 935-38 (5th

Cir. 2003), which was issued after Meraz-Sanchez submitted the instant appeal brief.

Accordingly, the district court's judgment is AFFIRMED.