United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40825
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE VALENTIN SALDANA-ALMANZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1751-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Felipe Valentin Saldana-Almanza ("Saldana") pleaded guilty

to one count of being found in the United States after

deportation following conviction for an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b)(2). The district court

sentenced Saldana to 57 months' imprisonment and three years'

supervised release.

Saldana argues, for the first time on appeal, that the

sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted).

Saldana also argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon, but at the sentencing hearing, the court did not mention this prohibition. For the reasons set forth in <u>United States v. Torres-Aguilar</u>, 352 F.3d 934, 937-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous-weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.