United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40828
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ALCARAZ-RODRIGUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1586-ALL
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Alfredo Alcaraz-Rodriguez pleaded guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court sentenced Alcaraz-Rodriguez to 85 months of imprisonment and three years of supervised release.

Alcaraz-Rodriguez argues that 8 U.S.C. § 1326(b) is unconstitutional. In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provisions, not elements of separate offenses. Alcaraz-Rodriguez concedes that his argument is foreclosed by Almendarez-Torres, but he asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). This issue is without merit.

Alcaraz-Rodriguez also argues that there is a conflict between the written and oral judgments. The written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon; the oral pronouncement of sentence did not mention this provision. For the reasons outlined in United States v. Torres-Aguilar, 352 F.3d 934, 935-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.