United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-40835
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JOSE TORRES-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-36-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Jose Torres-Vasquez appeals his guilty-plea conviction for possession with intent to distribute more than 50 kilograms of marijuana. He argues that 21 U.S.C. § 841 is unconstitutional in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that this argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but states that he is raising it to preserve it for possible Supreme Court review. The argument that Apprendi rendered 21

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 841 facially unconstitutional was rejected in Slaughter. We are bound by this precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Therefore, this issue is foreclosed.

Torres-Vasquez argues that the supervised release condition which prohibits him from possessing dangerous weapons conflicts with the district court's oral pronouncement of the sentence and must be deleted. The Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any dangerous weapon during the term of supervised release. U.S.S.G. § 5D1.3(d)(1). "If the district court orally imposes a sentence without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." United States v. Torres-Aquilar, 352 F.3d 934, 938 (5th Cir. 2003).

AFFIRMED.