United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40862
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES ARMANDO RODRIGUEZ-GARCIA, also known as
Armando Sustaita-Saenz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-103-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andres Armando Rodriguez-Garcia appeals his guilty-plea
conviction and sentence for being found illegally present in the
United States after deportation. He argues, pursuant to Apprendi
v. New Jersey, 530 U.S. 466 (2000), that the "felony" and
"aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and
(2) are elements of the offense, not sentence enhancements,
making those provisions unconstitutional. Rodriguez-Garcia

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by <u>Almendarez-Torres</u>, 523 U.S. at 235. We must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Rodriguez-Garcia argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon, but at the sentencing hearing, the court did not mention this prohibition. For the reasons outlined in <u>United States v. Torres-Aguilar</u>, 352 F.3d 934, 937-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous-weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment. Thus, this issue is also foreclosed.

AFFIRMED.