United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41078
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME LEIJA-MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-348-ALL
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Leija-Martinez (Leija) pleaded guilty to an indictment charging that he was found in the United States after having been deported and convicted of an aggravated felony.  For the first time on appeal, he argues that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Leija concedes that his argument is foreclosed by Almendarez-Torres, but he nevertheless seeks to preserve the issue for Supreme Court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review.  He also challenges the provision of the written judgment that prohibits him from possessing a dangerous weapon, arguing that such provision conflicts with the district court's oral sentence.  Because both of Leija's arguments are directly foreclosed by circuit precedent, we pretermit a determination whether Leija waived his arguments under the terms of the plea agreement.  The Government's motion to dismiss the appeal based on the waiver is DENIED.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).  Accordingly, Leija's argument that 8 U.S.C. § 1326(b) is unconstitutional based on the decision in Apprendi is without merit.

If the district court orally imposes a sentence of supervised release without stating the conditions applicable to the supervision period, the written judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement of sentence.  See United States v. Torres-Aguilar, 352 F.3d 394, 937-38 (5th Cir. 2003).  Possession of any "dangerous weapon" during the term of supervised release is a "standard" condition; therefore, the

district court's written judgment does not conflict with the court's oral pronouncement of sentence. <u>Id</u>. Leija's reliance on unpublished and non-binding authority to the contrary is unavailing. <u>See</u> 5TH CIR. R. 47.5.4; <u>United States v. Rodriguez-Montelongo</u>, 263 F.3d 429, 433 & n.3 (5th Cir. 2001).

AFFIRMED. MOTION DENIED.