## UNITED STATES of America, Plaintiff–Appellee,

v.

## Benjamin GONZALEZ–ALANIS, Defendant–Appellant.

### No. 02–41613
### Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Katherine L. Haden, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Benjamin Gonzalez–Alanis ("Gonzalez") appeals the sentence imposed following his conviction for illegal reentry into the United States after commission of an aggravated felony. He argues that 8 U.S.C. § 1326(b)(2), which was used to enhance his sentence based on his prior aggravated felony conviction, is unconstitutional.

Gonzalez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

Gonzalez further argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon while the court did not mention this prohibition at the sentencing hearing. His argument is foreclosed by this court's decision in *United States v. Torres–Aguilar,* 352 F.3d 934, 937–38 (5th Cir.2003). The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.