**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andres Armando RODRIGUEZ–GAR-
CIA, also known as Armando Sustai-
ta–Saenz, Defendant–Appellant.**

**No. 03–40862.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

---

PER CURIAM.*

Andres Armando Rodriguez–Garcia appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation. He argues, pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. Rodriguez–Garcia concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by *Almendarez–Torres,* 523 U.S. at 235, 118 S.Ct. 1219. We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

Rodriguez–Garcia argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon, but at the sentencing hearing, the court did not mention this prohibition. For the reasons outlined in *United States v. Torres–Aguilar,* 352 F.3d 934, 937–38 (5th Cir.2003), we conclude that the district court's omission of the dangerous-weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment. Thus, this issue is also foreclosed.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.