UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Jesus RODRIGUEZ–HERNAN-DEZ, Defendant–Appellant.

No. 03–40437.
Conference Calendar

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, John Richard Berry, Assistant US Attorneys, US Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Tito H. Alfaro, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM.*

Jose Jesus Rodriguez–Hernandez pleaded guilty to illegal reentry following deportation after conviction for a felony other than an aggravated felony in violation of 8 U.S.C. § 1326. The district court sentenced Rodriguez–Hernandez to 18 months of imprisonment and three years of supervised release.

Rodriguez–Hernandez argues that 8 U.S.C. § 1326(b) is unconstitutional. In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. Rodriguez–Hernandez concedes that his argument is foreclosed by *Almendarez–Torres,* but he asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). This issue is without merit.

Rodriguez–Hernandez also argues that there is a conflict between the written and oral judgments. The written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon; the oral pronouncement of sentence did not mention this provision. For the reasons outlined in *United States v. Torres–Aguilar,* 352 F.3d 934, 935–38 (5th

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**934**

Cir.2003), we conclude that the district court's omission of the dangerous weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.