**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier TORRES–PEREZ, Defendant–Appellant.**

No. 03–40433
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attorney, Renata Ann Gowie, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Marjorie A. Meyers, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Javier Torres–Perez appeals his guilty-plea conviction for illegal reentry subsequent to deportation after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. He argues that the "aggravated felony" enhancement found in 8 U.S.C. § 1326(b)(2) is unconstitutional in view of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but states that he is raising it to preserve it for possible Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *see also United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This argument is foreclosed.

Torres–Perez argues that the supervised release condition which prohibits him from possessing dangerous weapons conflicts with the district court's oral pronouncement of the sentence and must be deleted. The Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any dangerous weapon during the term of supervised release. U.S.S.G. § 5D1.3(d)(1). "If the district court orally imposes a sentence without stating the conditions applicable to this period of su-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." *United States v. Torres–Aguilar*, 352 F.3d 934, 935–38 (5th Cir.2003).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.