This issue is foreclosed by *United States v. Torres–Aguilar,* 352 F.3d 934, 935–38 (5th Cir.2003).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cesar SALAZAR–GONZALEZ,**
**Defendant–Appellant.**

No. 03–40446.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

---

James Lee Turner, Assistant US Attorney, Julia Bowen Stern, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Cesar Salazar–Gonzalez ("Salazar") pleaded guilty to one count of being found in the United States after deportation following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Salazar to 70 months' imprisonment and three years' supervised release.

Salazar argues, for the first time on appeal, that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation and citation omitted).

Salazar also argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon, but at the sentencing hearing, the court did not mention this prohibition. For the reasons set forth in *United States v. Torres–Aguilar,* 352 F.3d 934, 937–38 (5th Cir.2003), we conclude that the district court's omission of the dangerous-weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.