United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40437
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JESUS RODRIGUEZ-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-565-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Jesus Rodriguez-Hernandez pleaded guilty to illegal

reentry following deportation after conviction for a felony

other than an aggravated felony in violation of 8 U.S.C. § 1326.

The district court sentenced Rodriguez-Hernandez to 18 months of

imprisonment and three years of supervised release.

Rodriguez-Hernandez argues that 8 U.S.C. § 1326(b) is

unconstitutional. In <u>Almendarez-Torres v. United States</u>,

523 U.S. 224, 235 (1998), the Supreme Court held that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. Rodriguez-Hernandez concedes that his argument is foreclosed by Almendarez-Torres, but he asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). This issue is without merit.

Rodriguez-Hernandez also argues that there is a conflict between the written and oral judgments. The written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon; the oral pronouncement of sentence did not mention this provision. For the reasons outlined in United States v. Torres-Aguilar, 352 F.3d 934, 935-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.