United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40733
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE MARCO ANTONIO VILLARREAL-FUENTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-118-1
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Guadalupe Marco Antonio Villarreal-Fuentes appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by entering the United States, without permission, following both his conviction for an aggravated felony and subsequent deportation. Villarreal-Fuentes acknowledges that his appellate arguments are foreclosed. He raises the issues to preserve them for possible further review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villarreal-Fuentes's first argument, that 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998). In Almendarez-Torres, the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. 523 U.S. at 235. The Court held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Apprendi did not overrule Almendarez-Torres. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Villarreal-Fuentes's second argument, that the provision of the written judgment prohibiting him from possessing "any other dangerous weapon" should be stricken because it conflicts with the sentence orally imposed by the district court, is foreclosed by United States v. Torres-Aguilar, 352 F.3d 934, 938 (5th Cir. 2003). In Torres-Aguilar, this court held that if a "district court orally imposes a sentence of supervised release without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." Id. The court further held that if a defendant has been convicted of a felony, a prohibition from possessing any "dangerous weapon" is a standard condition of supervised release.

AFFIRMED.