# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

No. 10-40748
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NOE MARTIN SALMERON-CRUZ, also known as Fernando Fuentes,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-28-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Noe Martin Salmeron-Cruz pleaded guilty to being found in the United States after deportation, having previously been convicted of a felony; he was sentenced to 37-months' imprisonment and three-years' supervised release. The written judgment included as a special condition of supervised release the requirement that, "[w]ithin 72 hours of being placed on supervised release or upon completion of the custody sentence, the defendant shall surrender to a duly authorized immigration official". Salmeron contends: because the district court did *not* orally impose this special condition at sentencing, the written judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be amended and the condition removed to conform with the district court's oral pronouncement.

Because Salmeron had no opportunity at sentencing to challenge the special condition, the district court's subsequent imposition of the condition is reviewed for abuse of discretion. *E.g., United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). When a written judgment and an oral pronouncement conflict, the latter controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). On the other hand, "the [written] judgment's inclusion of conditions [not pronounced orally] that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict". *Id.* at 938. But, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement". *Id.* at 936 (emphasis in original) (citation and internal quotation marks omitted).

As Salmeron contends, the special condition is *not* listed among the standard conditions of supervised release found either in Guideline § 5D1.3(c) or the relevant portion of the Southern District of Texas' General Order No. H-1996-10. Furthermore, the condition is *not* rendered standard or mandatory by 18 U.S.C. § 3583(d) ("If an alien . . . is subject to deportation, the court . . . *may* order that he be delivered to [an immigration official]". (emphasis added)). Nor does the condition comport with the recommended special condition of supervised release ordering deportation in Guideline § 5D1.3(d)(6) (applies only when alien has consented to deportation or Government has proved by clear and convincing evidence alien is deportable, neither of which occurred here). Therefore, because the district court did *not* impose the special condition orally at sentencing, its inclusion in the written judgment creates a conflict and was an abuse of discretion.

AFFIRMED in part; VACATED in part; and REMANDED for amendment of the written judgment consistent with this opinion.