# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SALVADOR GONZALEZ-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1589-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Salvador Gonzalez-Hernandez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and was sentenced to 62 months and 16 days of imprisonment. On appeal, Gonzalez contends the language in the written judgment, requiring his federal sentence run concurrently with a sentence imposed following a state-court conviction for assault, conflicts with the district court's oral pronouncement at sentencing.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-41118

Gonzalez raises this issue for the first time on appeal.  But, because he had no opportunity to object to the condition in the written judgment, we review for an abuse of discretion, rather than for plain error.  *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

"When there is a conflict between a written [judgment] and an oral pronouncement, the oral pronouncement controls.  *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (citation and internal quotation marks omitted).  When there is simply ambiguity between the two, however, we review the record to ascertain the district court's intent.  *Id.*

There is no conflict between the oral pronouncement and the written judgment.  At sentencing, the court stated:  "I will run this sentence concurrent with any state court sentence he's already received.  And *in case there [are] any that are outstanding* I will recommend that it run concurrent with any others."  (Emphasis added.)  The written judgment states:  "The Court . . . orders that the imprisonment term imposed in the instant offense run concurrently with the imprisonment term that was imposed in [the state-court proceeding]".  Gonzales does not assert there are any outstanding sentences other than his state-court sentence that predated the instant conviction and sentence.

Because both the oral pronouncement and the written judgment show Gonzalez' 62-month-and-16-day sentence runs concurrently with the sentence imposed in connection with his state-court assault conviction, the only active or pending charge Gonzalez had at the time of sentencing, there is no conflict.  *See, e.g.*, *United States v. Mireles*, 471 F.3d 551, 557–59 (5th Cir. 2006).

AFFIRMED.