# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40594

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TOMAS MARTINEZ-MENDOZA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-100-1

Before HIGGINBOTHAM, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Tomas Martinez-Mendoza pled guilty to illegal reentry into the United States. The district court sentenced him to 36 months' imprisonment and three years' supervised release. Martinez-Mendoza challenges the special condition of his supervised release that requires him to register as a sex offender in any state in which he resides. We AFFIRM as MODIFIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40594

## FACTUAL AND PROCEDURAL BACKGROUND

Martinez-Mendoza pled guilty to violating 8 U.S.C. § 1326, the offense of illegal reentry into the United States.  Martinez-Mendoza had previously been convicted in the state of Utah for a sex offense.  As a result of that conviction, the appendix to the presentence report ("PSR") contained the following language under the heading, "Mandatory Conditions":

> You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (Not applicable).

At sentencing, the district court expressed uncertainty about the language of the PSR's registration requirement recommendation.  The district court stated, "I think it is a requirement because of the conviction," which the probation officer affirmed.  The probation officer clarified that "with the convictions that the defendant has, he is required to register."  One count carried with it a requirement to register annually for ten years after termination of sentence and the other carried a lifetime registration requirement.  Agreeing with the probation officer, the district court found that the conviction required registration.  As a result, the district court said it would "impose that condition, which is the registration requirement, [which was] highlighted there in the [PSR's] appendix that was given to you and your lawyer to review."

The form used by the district court for its written judgment contained a box to check for a mandatory condition that would require Martinez-Mendoza to "comply with the requirements of the Sex Offender Registration and Notification Act . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registry in which you reside, work, are a student, or

2

were convicted or a qualifying offense." The district court did not check that box. Instead, the district court included the following special condition:

> The defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision and the defendant shall register with the sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

Martinez timely appealed, arguing the written judgment conflicted with the oral pronouncement of the judgment at sentencing.

## DISCUSSION

Because Martinez-Mendoza is appealing the alleged conflict between the oral pronouncement of his sentence and the written judgment, he had no opportunity at sentencing to object to the condition that was contained in the written judgment. As a result, we view for an abuse of discretion rather than plain error. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

Because "[d]efendants have a constitutional right to be present at their sentencing," when there is a true conflict between the sentence contained in the written judgment and the sentence that was orally pronounced at sentencing, the oral pronouncement governs. *United States v. Huor*, 852 F.3d 392, 404 (5th Cir. 2017). Where the only difference is ambiguity, this court looks to the district court's intent in order to determine the specific sentence. *Id.* In order to determine if there is a true conflict, the court compares the two, and "[i]f the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). There is

no conflict if the only difference between the oral pronouncement and written judgment is that the written judgment includes conditions that are mandatory, standard, or recommended under the Sentencing Guidelines. *United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003). On the other hand, if the written judgment imposes a special condition of supervised release that was not in the oral pronouncement, the written judgment should be reformed to conform to the oral pronouncement. *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012).

Martinez-Mendoza does not challenge the registration requirement contained in the PSR, which required compliance with the Sex Offender Registration and Notification Act ("SORNA"). Compliance with SORNA is a mandatory condition of supervised release in a new sentence if the defendant has already been required under a prior conviction to register under SORNA. U.S.S.G. § 5D1.3(a)(7). Instead, Martinez-Mendoza challenges the special condition contained in the written judgment, arguing that the special condition (which contains no reference to SORNA) creates an independent registration requirement in addition to the statutory requirement.

The district court asked at sentencing whether Martinez-Mendoza's Utah convictions resulted in a registration requirement. After the probation officer confirmed that they did, the district court imposed the registration requirement, which the court said was "highlighted there in the appendix" under the section "Mandatory Conditions." Consequently, compliance with SORNA was a mandatory condition for his illegal reentry sentence under Section 5D1.3(a)(7). The written judgment, however, contains a registration requirement as a special condition. Thus, we MODIFY the judgment to impose the mandatory condition requiring compliance with SORNA and to delete the

No. 17-40594

registration requirement contained in the special conditions.  *See* 28 U.S.C. § 2106.

AFFIRMED AS MODIFIED.