United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41697
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EFRAIN GARCIA-LUNA,

Defendant-Appellant.
--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-340-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Efrain Garcia-Luna appeals from his guilty-plea conviction for being found illegally in the United States following a previous deportation. Garcia-Luna was sentenced to a term of imprisonment of 46 months to be followed by a three-year term of supervised release.

Garcia-Luna argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1), (b)(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He also argues that his indictment was defective because it did not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charge his prior aggravated felony conviction as an element of the offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, and not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47.

Garcia-Luna acknowledges that these arguments are foreclosed by Almendarez-Torres, but he asserts that the decision has been cast into doubt by Apprendi, 530 U.S. at 490. He seeks to preserve these arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, these arguments are foreclosed.

Garcia-Luna also argues that the special written condition of supervised release prohibiting him from possessing a "dangerous weapon" must be stricken from the judgment of conviction because that condition was not orally pronounced at sentencing. His argument is foreclosed by this court's opinion in United States v. Torres-Aguilar, 352 F.3d 934, 937-38 (5th Cir. 2003).

AFFIRMED.