United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20490
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FELIX ALFONSO GUERRA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-593-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Felix Alfonso Guerra appeals from his guilty-plea conviction
for being a felon in possession of a firearm.  Guerra argues
that:  (1) the evidence was insufficient to support his
conviction because the mere movement of a firearm from one state
to another does not constitute a "substantial" effect on
interstate commerce; and (2) 18 U.S.C. § 922(g)(1) is
unconstitutional on its face and as applied because it does not
require a "substantial" effect on interstate commerce.  Guerra

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

raises these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. <u>See</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 517-18 (5th Cir. 2001).

Guerra also contends that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon but, at the sentencing hearing, the court did not mention this prohibition. For the reasons set forth in <u>United States v. Torres-Aguilar</u>, 352 F.3d 934, 935-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous-weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.