**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jaime Alfredo BOCANEGRA–
CAMARILLO, Defendant–
Appellant.**

**No. 03–40431
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Kathlyn Giannaula Snyder, Assistant US Attorneys, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Jaime Alfredo Bocanegra–Camarillo pleaded guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court sentenced Bocanegra–Camarillo to 77 months of imprisonment and three years of supervised release.

Bocanegra–Camarillo argues that 8 U.S.C. § 1326(b) is unconstitutional. In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. Bocanegra–Camarillo concedes that his argument is foreclosed by *Almendarez–Torres*, but he asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). This issue is without merit.

Bocanegra–Camarillo also argues that there is a conflict between the written and oral judgments. The written judgment contains a condition of supervised release prohibiting the possession of a dangerous

---

weapon; the oral pronouncement of sentence did not mention this provision. For the reasons outlined in *United States v. Torres–Aguilar*, 352 F.3d 934, 935–38 (5th Cir.2003), we conclude that the district court's omission of the dangerous weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.