Paul Z. Lowder, pro se, Seagoville, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Paul Z. Lowder, federal prisoner # 29028–077, appeals the district court's denial of his petition invoking 28 U.S.C. § 2241. Because Lowder's 28 U.S.C. § 2241 petition challenged the legality of his conviction, Lowder had to show that 28 U.S.C. § 2255 provided him with an inadequate or ineffective remedy. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir.2000).

Lowder fails to identify any authority demonstrating that he was convicted of a non-existent offense for purposes of satisfying the savings clause provisions of 28 U.S.C. § 2255. *See Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). Rather, Lowder's claim of "actual innocence" is based on the argument that his conviction was obtained pursuant to a faulty indictment. Because Lowder fails to demonstrate that relief pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the district court's judgment is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eloy MARTINEZ–VASQUEZ, Defendant–Appellant.**

**No. 02–41785. Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

Mitchel Neurock, James Lee Turner, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Eloy Martinez–Vasquez (Martinez) appeals his guilty-plea conviction for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. For the first time on appeal, Martinez argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Martinez acknowledges that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his argument is foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez-Torres.* *See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Martinez also challenges a condition of supervised release set forth in the written judgment that prohibits him from possessing "any other dangerous weapon." Martinez argues that this provision must be deleted from the written judgment because the district court did not mention the condition when it orally pronounced sentence. We find no error in the written judgment. *See United States v. Torres–Aguilar,* 352 F.3d 934, 935–38 (5th Cir.2003).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.