United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40136
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JERRY W. WILLIAMS,

                                        Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-53-1
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

    Following a jury trial, Jerry W. Williams was found guilty
of 14 counts of making a false statement.  The district court
sentenced Williams to serve six months in prison and a two-year
term of supervised release.  The district court also ordered that
Williams pay a $1400 assessment, a $1000 fine, and $1268.08
restitution.  The instant appeal concerns the district court's
denial of several postconviction motions filed by Williams.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams argues that the district court erred in denying his motions seeking an exception to the travel restriction that was imposed as a condition of his supervised release. Williams has not shown that the district court erred in imposing and enforcing this condition of his supervised release. See United States v. Torres-Aguilar, 352 F.3d 934, 936 (5th Cir. 2003). Williams likewise has not shown that the district court erred in denying his motion seeking waiver of his assessment and fine.

Williams argues for the first time in this appeal that the district court erred by imposing his supervised release term to run consecutively to the sentence imposed upon revocation of his state probation; that the district court improperly calculated the amount of restitution he owed; that the district court failed to consider the proper factors before imposing his fine, assessment, and restitution; that the district court erred in computing his criminal history; and that the district court erred in crediting the probation officer's testimony at sentencing. Because these arguments are being raised for the first time in this appeal, we decline to consider them. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Williams has shown no error in the judgments of the district court denying his motions. Accordingly, these judgments are AFFIRMED.