United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20639
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN ALAN MCDONNELL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-716-ALL
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Norman Alan McDonnell appeals the sentence imposed following

his guilty-plea conviction of being a felon in possession of

firearms, in violation of 18 U.S.C. § 922(g)(1).  McDonnell first

argues that the district court erred in determining that his

offense level should be increased pursuant to U.S.S.G.

§ 2K2.1(c) on the ground that he possessed a firearm in

connection with commission of the offense of intent to distribute

methamphetamine.  Given the close proximity of the .22 caliber

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Remington rifle to the methamphetamine laboratory maintained by McDonnell, as indicated by the presentence report (PSR) adopted by the district court, McDonnell has failed to show that the district court erred in applying U.S.S.G. § 2K2.1(c). See United States v. Condren, 18 F.3d 1190, 1197-98 (5th Cir. 1994); United States v. Hernandez, No. 91-8249 (5th Cir. Feb. 26, 1992) (unpublished).

In connection with his argument regarding the application of U.S.S.G. § 2K2.1(c), McDonnell challenges the fact-finding procedure used by the district court. McDonnell contends that where a defendant objects to the PSR's factual recitations or to the PSR's application of the Sentencing Guidelines, the Government must offer evidence that proves the PSR's disputed facts or the PSR's application of the Sentencing Guidelines. McDonnell concedes that his challenge to the district court's fact-finding procedures is foreclosed by United States v. Reyna, 130 F.3d 104, 112 (5th Cir. 1997), but he raises the issue to preserve it for Supreme Court review.

In Reyna "the district court considered the facts set out in the PSR as well as the contrary facts proffered by Reyna, and found that the PSR was more reliable." Id. This court determined that the district court had thus fulfilled the requirement to resolve specifically disputed issues of fact if it intends to use such facts as a basis for sentencing. Id. Reyna imposes no requirement that the Government come forward

with evidence at sentencing.  See id.  McDonnell's argument is foreclosed.

McDonnell also argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment because the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon, but at the sentencing hearing, the court did not mention this prohibition.  For the reasons outlined in United States v. Torres-Aguilar, 352 F.3d 934, 936-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous-weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment.

McDonnell's sentence is AFFIRMED.