United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN ALAN MCDONNELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-716-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed Norman Alan McDonnell's sentence for his guilty-plea conviction of one count of possession of a firearm by a convicted felon. See United States v. McDonnell, No. 03-20639 (5th Cir. Feb. 12, 2004). The Supreme Court granted McDonnell's petition for a writ of certiorari, vacated our previous judgment, and remanded the case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See McDonnell v. United

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>States</u>, 125 S. Ct. 1937 (2005). This court has received supplemental briefs addressing <u>Booker</u>'s impact.

McDonnell contends that he is entitled to resentencing because the district court erred under <u>Booker</u> by enhancing his sentence based on judicially-determined facts, in violation of the Sixth Amendment, and by sentencing him under a mandatory application of the United States Sentencing Guidelines. This court will not consider a <u>Booker</u>-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. <u>See</u> <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

To the extent that McDonnell argues that the remedial holding of <u>Booker</u>, which rendered the Sentencing Guidelines effectively advisory, should not be applied in his case, his contention runs directly counter to <u>Booker</u>'s determination that both the Sixth Amendment holding and the remedial holding must be applied to all cases on direct review, and is therefore foreclosed. <u>See</u> <u>Booker</u>, 125 S. Ct. at 769. McDonnell seeks to preserve for further review contentions that <u>Booker</u> errors are structural, presumptively prejudicial, and reversible <u>per</u> <u>se</u>. We reject these claims because they conflict with the applicable standard of review for <u>Booker</u> errors, as set forth in <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>cert. denied</u>, --- U.S. ----, 126 S. Ct. 43 (2005). <u>See</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 194 (2005).

McDonnell contends that he can show plain error resulting from the district court's Sixth Amendment violation because the evidence allegedly supporting the application of sentence enhancements was vigorously contested and was not sufficient to establish the facts necessary to enhance his sentence beyond a reasonable doubt. However, under Mares, in order to establish that Sixth Amendment error affected his substantial rights, as required under the plain error standard, McDonnell must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 520 n.9. Here, there is no showing of plain error because McDonnell identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Taylor, 409 F.3d at 677. Given that plain error has not been shown, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." Id.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming McDonnell's sentence.

AFFIRMED.