United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 05-50340
Summary Calendar

―――――――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOYCE MARIE DYKES, also known as Lecretta Jones, also known as
Lecretta J. Dykes,

Defendant-Appellant.

―――――――――――――――
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-364-1
―――――――――――――――

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Joyce Marie Dykes was convicted by a jury of mail fraud,
theft of public funds, and theft of identity and aiding and
abetting. Dykes has appealed her conviction.

Dykes complains that she was denied the right to a jury
drawn from a fair cross section of the community. Because the
record reflects that Dykes intentionally waived her fair-cross-
section claim, we have not considered this issue. See United
States v. Reveles, 190 F.3d 678, 683 & n.6 (5th Cir. 1999).

――――――――――――――――――――

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dykes contends that the evidence was insufficient to prove her guilt beyond a reasonable doubt. The Government introduced evidence at trial showing that Dykes purchased a house in San Antonio, Texas, using the social security number and name of her 14-year-old niece and then leased the house to herself and fraudulently converted Governmental rental-assistance payments. Although Dykes's arguments are couched in terms of sufficiency of the evidence, her specific arguments are limited to two questions: (1) whether the district court erred in determining that hand-writing exemplars used by the Government's hand-writing analyst were authentic and therefore admissible; and (2) whether there was sufficient evidence showing that she was the person who purchased the subject property. These contentions are without merit.

The first issue is an evidentiary question that we review for an abuse of discretion. See United States v. Butler, 429 F.2d 140, 151 (5th Cir. 2005), petition for cert. filed (Apr. 11, 2006) (No. 05-1308). The authenticity of the exemplar documents was established by evidence sufficient to support a finding that they contained genuine samples of Dykes's handwriting. See FED. R. EVID. 901(a), (b)(7) & (9). Because the authenticity of the exemplars was fairly supported, the district court did not abuse its discretion in admitting the evidence. See United States v. White, 444 F.2d 1274, 1280 (5th Cir. 1971).

The real estate agent who sold the subject house identified Dykes as the person who bought the property. A rational juror could have determined that this evidence was sufficient to prove beyond a reasonable doubt that Dykes had purchased the house. See United States v. Therm-All, Inc., 373 F.3d 625, 630 (5th Cir. 2004).

Dykes contends also that the Government failed to prove: that she intended to defraud the San Antonio Housing Authority and that she caused checks to be deposited by the housing authority in the United States mails; that she converted the rental subsidies; and that she used the name and social security number of another person to purchase the subject property. In asserting these contentions, Dykes merely quotes the second superseding indictment and states in conclusional fashion that the Government failed to carry its burden of proof. Because they are inadequately brief, we have not considered these contentions. See United States v. Torres-Aguilar, 352 F.3d 934, 936 n.2 (5th Cir. 2003); FED. R. APP. P. 28(a)(9) (the appellant's argument must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). The judgment is AFFIRMED.