United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41681
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SALVADOR GARCIA DIAZ, also known as Chava,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-287-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Salvador Garcia Diaz appeals the 87-month sentence imposed
by the district court following Garcia Diaz's plea of guilty to
one count of transporting unlawful aliens resulting in the death
of a person, a violation of 8 U.S.C. § 1324(a)(1).  Finding no
error, we affirm.

     Garcia Diaz was a guide involved in smuggling approximately
34 aliens across the Mexican border into the United States.
After two days of travel on foot, the group reached a highway
where a "coyote" directed Diaz, Manuel Lopez, and 13 unlawful

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigrants to a van. Lopez was the driver, Diaz sat in the front passenger seat, and the 13 aliens were in the rear of the van, which had no seats. When a Nueces County Deputy Constable attempted to stop the van for a traffic violation, the van drove off into a field, where it ran into a ditch. Lopez and one alien were killed. Two aliens suffered serious permanent damage resulting from head trauma and a third suffered a broken jaw, hip, and leg. All the aliens incurred various degrees of injury. According to sworn statements, Garcia Diaz instructed Lopez to drive when the deputy exited his vehicle and also instructed the other drivers by telephone to block the deputy or to drive erratically to avoid apprehension.

The advisory sentencing range was 57 to 71 months, which included the following enhancements: six levels because the offense involved 34 aliens; two levels because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person; and eight levels because a death resulted. U.S.S.G. § 2L1.1(b)(2), (5), (6). The district concluded that the advisory range was insufficient because the Guidelines did not account for multiple deaths or multiple injuries. Accordingly, the court decided to depart upward to a range of 70 to 87 months and sentenced Diaz at the top of that range.

Although the district court also cited the factors set out in 18 U.S.C. § 3353(a) both orally and in the written statement

of reasons, the oral pronouncements of the court at sentencing and its citation to the reasons for an upward departure set out in the presentence report lead us to conclude that the court intended to impose an upward departure pursuant to U.S.S.G. § 5K2.0(a)(3). See United States v. Torres-Aguilar, 352 F.3d 934, 936 (5th Cir. 2003). Accordingly, we review the sentence for reasonableness employing an abuse-of-discretion standard. See United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005).

Garcia Diaz contends that the departure was not proper because the district court based it on factors already taken into account by enhancements for the number of aliens involved, the creation of a substantial risk of injury, and the death of an individual. The Sentencing Guidelines plainly contemplate a departure based on factors already taken into consideration in determining the guideline range, where those factors are present to a degree that takes the case out of the heartland of typical cases. See U.S.S.G. § 5K2.0(a)(3); Saldana, 427 at 309-10 & n.46 (5th Cir. 2005). The enhancements for creation of risk or injury and for death do not take into account multiple injuries or deaths. See United States v. Sanchez, ___ F.3d. ___, No. 06-20193, 2007 WL 1127976, at *6 (5th Cir. Apr. 17, 2007). In addition, both U.S.S.G. § 5K2.1 and U.S.S.G. § 5K2.2 contemplate upward departures for multiple deaths and injuries. Although U.S.S.G. § 2L1.2(b)(2) provides for an enhancement based on the number of aliens involved in a smuggling offense, that provision

does not speak to the number of aliens injured or killed; it is limited to those involved in the offense. Thus, the district court did not depart upward on an impermissible basis.

We reject Garcia Diaz's contention that counting two deaths is inappropriate because one of the victims was the driver. The Guidelines make no distinction between the death of a co-conspirator and the death of a third person. Further, witnesses stated that it was Garcia Diaz who directed all the vans to evade the deputy and told the driver of his van to go when the deputy exited his patrol car. Accordingly, Garcia Diaz's conduct placed the driver at risk just as it placed the passengers at risk. As for the argument that the district court erred in its reference to the vulnerability of the victims, which is doubtful given the context of the reference, any error was harmless in light of the other bases for the departure. See United States v. McDowell, 109 F.3d 214, 219 (5th Cir. 1997).

To the extent that the district court's sentence constituted a non-guidelines deviation, we likewise find no error. For effectively the same reasons supporting the departure, we conclude that the court's sentence properly accounted for the statutory sentencing factors under 18 U.S.C. § 3553(a). The district court cited the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, all appropriate factors under § 3553(a). As

multiple deaths and injuries occurred, the court reasonably could have concluded that the circumstances of this offense were more serious than those contemplated by the Guidelines and required a greater sentence for deterrence and protection of the public. Accordingly, to the extent that the court relied on its discretion to impose a non-guidelines sentence, the court did not abuse that discretion.  See United States v. Smith, 440 F.3d 704, 707-08 (5th Cir. 2006).

Finally, Garcia Diaz does not challenge the reasonableness of the extent of the departure or deviation.  Accordingly, we do not reach that issue.  See United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.