# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-40334
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERARDO ROJO-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-730-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerardo Rojo-Martinez appeals the sentence imposed following his plea of guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the district court acted unreasonably in upwardly departing from the advisory guidelines range when imposing his sentence. He also challenges the extent of the upward departure.

Because the district court departed upward pursuant to U.S.S.G. § 4A1.3, Rojo-Martinez received a guidelines sentence rather than a non-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); United States v. Torres-Aguilar, 352 F.3d 934, 935-36 (5th Cir. 2003). We review the decision of the sentencing court to depart for abuse of discretion, ultimately determining whether the sentence is unreasonable under 18 U.S.C. § 3553(a). See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). We review the extent of the departure for plain error because it was not objected to by Rojo-Martinez in the district court. See United States v. Olano, 507 U.S. 725, 731-37 (1993).

The district court did not abuse its discretion in upwardly departing from the recommended guidelines range. Its decision took into account the factors identified in 18 U.S.C. § 3553(a) (2), including the need to promote respect for the law, the need for adequate deterrence, and the need to protect the public from future crimes by Rojo-Martinez. See § 4A1.3(a)(1). In addition, the leniency of Rojo-Martinez's prior sentences was an appropriate consideration by the district court in considering the upward departure. See § 4A1.3, comment. Moreover, Rojo-Martinez's argument that any sentence of imprisonment would have been an adequate deterrent to him committing future crimes is belied by the fact that he served 30 days in prison during May and June of 2006 on a probation revocation but illegally reentered the United States only months later, in October 2006, in connection with the instant offense.

Rojo-Martinez's sentence is nine months higher than the highest sentence that could have been imposed under the advisory guidelines range. Based on the record facts cited by the district court, the extent of the departure was within the discretion of the district court. See Zuniga-Peralta, 442 F.3d at 347. Accordingly, there was no plain error regarding the extent of the upward departure, and Rojo-Martinez's sentence is AFFIRMED.