# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-10936
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MI NA MALCOLM, also known as Sora

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-229-ALL

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mi Na Malcolm pleaded guilty to four counts of a seven-count superseding indictment charging her with, inter alia, conspiracy to hold or harbor aliens for purposes of prostitution, in violation of 8 U.S.C. § 1328 and 18 U.S.C. § 371; harboring illegal aliens for commercial advantage and financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A), (B)(i), and attempting to transport funds in excess of $10,000 without filing the required report, in violation of 31 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

5316(a)(1)(A), 5332(a). The Presentence Report (PSR) and the factual resumè to which Malcolm admitted set forth, inter alia, that Malcolm paid smuggling fees for Korean women brought into the United States; that the women were required to work in one of Malcolm's sexually-oriented businesses as prostitutes in order to repay the smuggling debt; and that their movements were monitored and their freedom restricted.

The PSR included a four-level fraud or coercion enhancement pursuant to U.S.S.G. § 2G1.1 on the basis that the offense involved coercing fifteen victims to engage in prostitution.[1]  After grouping, the range was 78 to 97 months, subject to a maximum of five years on counts one and six and ten years on count four. The district court concluded that an upward departure to 120 months was warranted because, among other reasons, the offense involved at least fifteen aliens, the aliens were brought into the country and harbored for the purposes of engaging in prostitution, and the aliens were monitored constantly and required to be available at all times for prostitution.

Malcolm first argues that the district court committed Sixth Amendment error under United States v. Booker, 543 U.S. 220 (2005), by applying the section 2G1.1 enhancement based on facts neither admitted by her nor proved beyond a reasonable doubt.[2]  Malcolm's argument is without merit. Booker eliminated any Sixth Amendment error caused by judicial factfinding with respect to sentencing by rendering the Sentencing Guidelines advisory rather than

---

[1] Malcolm claims that this enhancement was based solely on actions taken against "Victim No. 1," but paragraph 33 of the PSR clearly states that the enhancements made with respect to "Victim No. 1" were also being made with respect to "Victim Nos. 2 through 15."

[2] Malcolm also argues that she was unable to rebut the U.S.S.G. § 2G1.1(b) enhancement because the PSR did not identify "Victim No. 1." But, as stated above, paragraph 33 of the PSR clearly states that the enhancement for coercion pursuant to U.S.S.G. § 2G1.1(b) was made with respect to all fifteen victims, so Malcolm's argument that she could not rebut the PSR because she did not know which victim was being coerced is without merit.

mandatory. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Malcolm was sentenced in July 2006, under this advisory sentencing regime. Accordingly, there was no Sixth Amendment Booker error arising out of the district court's factfinding. See United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir. 2006). To the extent that Malcolm contends that there was an insufficient evidentiary basis for the adjustment, Malcolm failed to deny or rebut any of the information in the PSR and she admitted facts that supported the enhancement. Thus, Malcolm has not shown any clear error in the district court's findings. See United States v. Solis-Garcia, 420 F.3d 511, 513-14 (5th Cir. 2005).[3]

Malcolm next challenges the district court's upward departure, arguing that the case did not fall outside the heartland of cases because the factors on which the court relied were taken into account by the Guidelines. After Booker, our reasonableness review of an upward departure entails an abuse-of-discretion standard. See United States v. Saldana, 427 F.3d 298, 310 (5th Cir. 2005). A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); and (2) are justified by the facts of the case. Id. The PSR and the court cited, inter alia, evidence that the offense involved more than ten aliens and that they were harbored for the purpose of engaging in serious criminal activity. These factors are grounds for a departure under the Guidelines. See

---

[3] Assuming arguendo that the enhancement under U.S.S.G. § 2G1.1(b) was erroneous, it would not have had any impact on the calculation of Malcolm's guideline range because it was under Count 1, which was grouped separately from Counts 4 and 6 and when Counts are grouped separately the Guidelines instruct us to use the higher of the two groups when calculating the Guideline range. U.S.S.G. § 3D1.4. The total offense level for Count 1 was 22 with the enhancement and it would have been 18 without the enhancement. The total offense level for Counts 4 and 6 was 26, which is higher than for Count 1 in either case, so this was the offense level that was used to calculate Malcolm's Guideline range. Therefore, even assuming there was error in applying a U.S.S.G. § 2G1.1(b) enhancement, that error was harmless because it had no impact on her Guideline range.

U.S.S.G. § 2G1.1, comment. (n.6) (upward departure may be warranted if offense involves more than ten aliens); U.S.S.G. § 2L1.1, comment (n.3) (upward departure may be warranted if aliens are harbored knowing that the aliens would be engaged in serious criminal behavior). In addition, the court reasonably could have found that the degree of coercion present, which, according to the court, effectively constituted enslavement, was such that the case was outside the heartland. See Saldana, 427 F.3d at 312; see also U.S.S.G. § 5K2.0(a)(3). Finally, the court could have concluded that the sentencing objectives of punishment, deterrence, and protecting the public warranted a departure. Accordingly, we find no abuse of discretion in the district court's decision to depart.

Malcolm contends in a conclusory manner that deposition testimony of two of the fifteen victims negates the factors relied on by the court for a departure. She did not offer (or refer to) this evidence (or call it to the attention of the probation officer) at (or before) sentencing and she makes no explanation of her failure to do so, although the depositions were taken nearly seven months before sentencing. Further, she fails to cite any particular portion of that testimony nor does she provide any legal or factual analysis. Thus, she has abandoned any such argument by failing to brief it adequately. See United States v. Torres-Aguilar, 352 F.3d 934, 936 n.2 (5th Cir. 2003); see also Fed. R. App. P. 28(a). In any event, in light of her own admissions at rearraignment and the unrebutted information set out in the PSR, Malcolm has failed to demonstrate an abuse of discretion.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.