# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10810
c/w
No. 07-10822
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LATOSHA JOHNSON

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-67-ALL
USDC No. 3:06-CR-368-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Latosha Johnson appeals the 60-month concurrent sentences that she received after she pleaded guilty to three counts of bank robbery as charged in separate one and two-count indictments. Johnson argues that with respect to the September 23, 2006, robbery the district court clearly erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhanced her offense level under U.S.S.G. § 2B3.1(b)(2)(F) on the basis that she threatened the teller's life.  Johnson contends that the statements in the Presentence Report (PSR) in support of the § 2B3.1 enhancement lacked sufficient indicia of reliability.  She argues that "[i]n contrast, the research on 'false memory' raises the issue of whether the judge's conclusion is 'materially untrue.'"

Because Johnson did not present to the district court her argument about false memory, it is subject to plain error review.  See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003).  With respect to the remainder of her argument, this court reviews the district court's application of the Guidelines de novo and its fact finding for clear error.  United States v. Conner, 537 F.3d 480, 489 (5th Cir. 2008).  "Unless the factual finding is implausible in light of the record as a whole, it is not clearly erroneous."  United States v. Griffith, 522 F. 3d 607, 611-12 (5th Cir.), cert. denied, --- S.Ct. ----, 2008 WL 2717574 (Oct. 6, 2008).

The facts the district court relies on must have some indicia of reliability.  United States v. Shacklett, 921 F.2d 580, 584-85 (5th Cir. 1991).  A PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations required by the sentencing guidelines."  United States v. Trujillo, 502 F.3d 353, 357 (5th Cir. 2007).  (internal quotation marks and citation omitted).  The district court may also rely on hearsay for sentencing purposes, provided that it is reliable.  United States v. Mathews, 178 F.3d 295, 303 (5th Cir. 1999).  The defendant bears the burden of demonstrating that the information that the district court relied on is materially untrue.  Trujillo, 502 F.3d at 357.

The Government supplied evidence that Johnson made a death threat when it presented the testimony of Officer Tooke that the victim teller told two detectives immediately following the robbery that Johnson indicated that she was armed.  See Trujillo, 502 F.3d at 357.  Johnson's attempts to render this

testimony unreliable by presenting her newly-raised theory of "false memory" fails under a plain error analysis. On plain error review, this court may correct the sentencing determination on Johnson's "false memory" theory only if (1) there is an error, (2) that is plain, meaning an error that is clear under current law, and (3) it affects substantial rights. United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). The decision to correct the forfeited error is within the sound discretion of the court of appeals, and this court should not correct the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id.

Johnson's mere assertion that it is "more likely that the victim teller's perception was in fact a mixing of fragments of memory events, both real and imagined" than truth falls short of amounting to evidence that the victim-teller in this case actually suffered from false memory. Accordingly, she fails to show that the district court's purported failure to intuit that the victim teller suffered from "false memory" was error, clear or otherwise. Moreover, the district court was entitled to credit Officer Tooke's testimony regarding Johnson's threat that she was armed and to discredit Johnson's testimony that she never made the threat. See United States v. Perez, 217 F.3d 323, 331-32 (5th Cir. 2000). Given Officer Tooke's testimony that the victim-teller told the investigation officers that Johnson said she was armed, the district court's finding that she made the threat is not clearly erroneous. See Griffith, 522 F.3d at 611-12. Thus, Johnson fails to show that the district court erred when it enhanced her offense level under § 2B3.1(b)(2)(F).

Johnson also argues with respect to her September 23, 2006, and October 10, 2006, robbery convictions that she received ineffective assistance of counsel because her trial lawyer failed to present a theory of "false memory." Because this court cannot fairly evaluate this claim from the record, it declines to consider it without prejudice to Johnson's right to raise it in a subsequent

proceeding. See United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert. denied --- S.Ct. ----, 2008 WL 2463795 (Oct. 6, 2008); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

Johnson argues that the district court erred when it refused to grant the request for a § 5K.1 downward departure based on her substantial assistance that she made in both cases. Johnson contends that, because the Guidelines are merely advisory, the district court was not bound by § 5K1.1's requirement that a § 5K1.1 motion be filed by the Government. Although the Guidelines are advisory only, the district court was required to compute a guidelines sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). The Guidelines precluded the district court from granting Johnson's § 5K1.1 motion based on substantial assistance absent a Government motion. See § 5K1.1. Thus the district court was not mistaken when it refused to grant Johnson's motion, and Johnson is not entitled to this court's review of the denial of that motion. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).

Johnson also argues that, with respect to the December 1, 2006, robbery, the district court should have imposed a non-Guidelines sentence based on her substantial assistance to the Government in arresting Terrence Smith. Johnson has abandoned this argument with respect to her September 23 and October 10, 2006, robberies by failing to brief it adequately in that case. See United States v. Torres-Aguilar, 352 F.3d 934, 936 n.2 (5th Cir. 2003). Post-Booker sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Johnson does not argue, and the record does not reflect, that the district court committed any procedural error in sentencing her. See Gall, 128 S. Ct. at 596-97. Moreover, the district court's guidelines sentence was presumptively reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-63 (2008); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The district court extensively

considered the § 3553(a) factors and Johnson's arguments that Terrence Smith coerced her into committing the robberies before concluding that her guidelines sentence of 60 months was necessary.

AFFIRMED.