# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 24, 2012

Lyle W. Cayce
Clerk

No. 11-11203
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EVARISTO RAMOS-GUTIERREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CR-21-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Evaristo Ramos-Gutierrez appeals the 36-month above-guidelines sentence imposed in connection with his conviction for illegal reentry following deportation. Ramos-Gutierrez contends that the sentence should be vacated and the case should be remanded for resentencing because the written sentence imposes a special condition of supervised release not announced at sentencing and thus conflicts with the oral pronouncement. Specifically, the written judgment contains a special condition, not articulated at sentencing, requiring

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11203

that "upon completion of his term of imprisonment, the defendant is to be surrendered to a duly authorized immigration official for deportation." The Government concedes this issue.

Because Ramos-Gutierrez had no opportunity at sentencing to challenge the subsequent inclusion of the condition in the written judgment, we review the court's imposition of the condition for an abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "[T]he judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." *Id.* at 938. On the other hand, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *Id.* at 936 (internal quotation marks omitted).

The condition imposed by the district court in the written judgment is not listed among the standard conditions of supervised release found in U.S.S.G. § 5D1.3(c). Further, the condition does not comport with the recommended special condition of supervised release ordering deportation in § 5D1.3(d)(6). Because the condition was not orally pronounced at sentencing, the district court abused its discretion in imposing the special condition in the written judgment.

Ramos-Gutierrez also challenges the substantive reasonableness of his sentence. He argues that the district court failed to accord proper weight to his mitigating factors, including the fact that he had abstained from alcohol for a period of seven years prior to the instant offense.

In reviewing the substantive reasonableness of the sentence, we consider "the totality of the circumstances, including the extent of any variance from the

Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Ramos-Gutierrez's argument does not show that the district court's non-guidelines sentence unreasonably failed to reflect the statutory sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Rather, his complaints amount to a mere disagreement with the weight the district court gave to the various sentencing factors and thus are insufficient to warrant reversal. *See Gall*, 552 U.S. at 51. Ramos-Gutierrez has not shown that the 36-month sentence, which was twice the guidelines maximum, was substantively unreasonable.

The judgment is AFFIRMED in part and VACATED in part, and the case is REMANDED for amendment of the written judgment consistent with this opinion.