# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-10861
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEORGE HENRY MARK,

Defendant - Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CR-24

————

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After violating the terms of his supervised release, George Henry Mark was sentenced to 18-months' imprisonment and 18-months' supervised release. At his revocation hearing, the district court ordered Mark to participate in drug treatment. He asserts the subsequent written judgment improperly added a special condition that he submit to drug testing as part of the drug-treatment

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

program, thereby broadening the drug-treatment condition announced at his revocation hearing.

Because Mark could not have objected at the revocation hearing to the condition imposed in the subsequent judgment, review is for abuse of discretion. *E.g.*, *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "The key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). A conflict arises if the written judgment differs from the orally pronounced sentence by either adding a special condition or broadening a condition. *See id.*; *Torres-Aguilar*, 352 F.3d at 936. Where there is a conflict, the district court is required to reform the judgment by deleting the special condition not pronounced orally. *Mireles*, 471 F.3d at 558.

Drug testing is both a special condition and a mandatory condition of Mark's supervised release. The *mandatory condition*, which he does not challenge, requires him to "submit to one drug test within 15 days of release from imprisonment and *at least* two periodic drug tests thereafter, as directed by the probation officer". (Emphasis added.) In announcing the special condition, the district court ordered Mark to "participate in a program approved by the United States Probation Office for the treatment of narcotic, drug, or alcohol dependency". The written judgment mandated the drug-treatment program "include testing for the detection of substance use or abuse". Because drug testing is generally a component of drug-treatment programs and a properly imposed mandatory condition of Mark's supervised release, the judgment's inclusion of this requirement, in the context of the special condition that he participate in drug treatment, did not add a new

No. 13-10861

condition or broaden the special condition pronounced orally. *See, e.g.*, *Mireles*, 471 F.3d at 558–59; *United States v. Gray*, No. 13-10242, 2013 WL 6247433 (5th Cir. 4 Dec. 2013) (unpublished), *petition for cert. filed*, No. 13-8996 (U.S. 4 Mar. 2014).

AFFIRMED.